# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON PAUL GROW,<br>    Petitioner, | )<br>)<br>) |
| vs. | ) Civil Action No. 12-1199<br>) Magistrate Judge Maureen P. Kelly |
| THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA; THE<br>DISTRICT ATTORNEY OF THE<br>COUNTY OF GREENE,<br>    Respondents. | )<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Jason Paul Grow ("Petitioner") has filed this Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), seeking to attack his state court convictions for burglary, criminal attempt, aggravated assault, recklessly endangering another and harassment. ECF No. 4-18 at 2. Petitioner entered a negotiated plea deal where, in exchange for pleading guilty, the Commonwealth agreed to dismiss other charges and Petitioner would be sentenced to a term of 3 to 10 years of incarceration. Petitioner claims that his plea counsel rendered ineffective assistance of counsel and, therefore, he is entitled to federal relief in this habeas corpus proceeding. For the reasons that follow, Petitioner fails to show that the state courts' adjudication of the claims that he raises in his Petition was contrary to or an unreasonable application of precedents from the United States Supreme Court. Accordingly, the Petition will be dismissed and a Certificate of Appealability will be denied.

## I. PROCEDURAL HISTORY

The Pennsylvania Superior Court summarized the relevant procedural history in its opinion affirming the denial of Petitioner's Post Conviction Relief Act ("PCRA") Petition, as follows:

> On November 30, 2009, Appellant entered the residence at 322 Green Street in Cumberland Township, placed a knife to the victim's throat, and struck her several times. On January 26, 2010, the Commonwealth filed a criminal information charging Appellant with burglary, aggravated assault, and related offenses (18 Pa.C.S.A. §§ 3502(2), 2702(a)(4), respectively). On April 14, 2010, Appellant executed a written guilty plea colloquy. That same say, the court conducted Appellant's guilty plea hearing. Appellant entered a negotiated guilty plea to one count each of burglary, criminal attempt, aggravated assault, recklessly endangering another person, and harassment. In exchange, the Commonwealth agreed to dismiss certain other charges. The Commonwealth also agreed to recommend an aggregate term of three (3) to ten (10) years' imprisonment. The court accepted Appellant's guilty plea and sentenced him in conformance with the plea agreement to an aggregate term of three (3) to ten (10) years' imprisonment. Thereafter Appellant did not file a post-sentence motion or notice of appeal with this Court.
> On December 29, 2010, Appellant filed a timely *pro se* PCRA petition, alleging ineffective assistance of counsel in conjunction with the entry of the guilty plea. The court appointed counsel, who filed an amended PCRA petition on March 8, 2011. On March 29, 2011, the PCRA court conducted an evidentiary hearing. On June 20, 2011, the PCRA court denied relief.

Superior Court slip op., ECF No. 4-18 at 1 to 2.

Petitioner then filed a counseled appeal to the Pennsylvania Superior Court, which affirmed the denial of relief on February 17, 2012. Id. Petitioner filed a counseled Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which denied it on July 18, 2012.

Petitioner then filed pro se the instant Petition. He raises the following four grounds on which he claims he is being held in violation of the Constitution, laws or treaties of the United States:

> GROUND ONE: Defendant Maintained his innocence, And plea Counsel allowed Defendant to plea guilty without informing the Courts. . . .

2

> Plea Counsel failed to bring to the Trail Courts attention that while going through the Written plea Colloquy Defendant was not taking Responsibility for the crimes. Plea Counsel stated at the Post Conviction Collateral Relief Act Evidence Hearing on March 29th 2011 . . . "He was disappointed, he was pleading guilty but I wouldn't that . . . he was disappointed, he was depressed that he was pleading guilty but he was, and he was still at that point was not taking full Resonsibility."

ECF No. 1 at 5 (sic throughout).

> GROUND TWO: Plea Counsel was not Educated enough in the defendant case to allow defendant to plead guilty. . . . Plea Counsel did not know who the Responding officers were . . . . Plea Counsel did not Investigate the Crime scene nor spoke to any of the Witnesses provided by the Defendant.

Id. at 7.

> GROUND THREE: Defendant's plea was not Knowingly, Voluntarily nor Intelligent . . . . Plea Counsel allowed defendant to plead guilty when defendant did not understand and knew this with out bring it to the Trail Courts Attention.

Id. at 8.

> GROUND FOUR: Lack of ability to read and write the English Language and Mentel Health Illness. . . . Plea Counsel did not bring to the Trail Courts Attention that the defendant's "ability to Read and Write the English Language" was limited . . . Plea Counsel knew the defendant was Educationally young for his age . . . and did not notify Trail Court of this Matter.

Id. at 10.

Respondents filed their Answer, ECF No. 4, attaching copies of a large portion of the state court record as exhibits, and pointing out that Petitioner is not entitled to relief. All parties have filed their consent to have the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 9 and 10.

## II. AEDPA STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because

3

Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Supreme Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d

4

Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2).

### III. DISCUSSION

**A. All Issues Other Than Ineffective Assistance of Plea Counsel Were Waived.**

To the extent that Petitioner is attempting to raise any issues other than the ineffective assistance of plea counsel, any such issues were waived under state law for failure to file a direct appeal from his conviction. Consequently, those issues are procedurally defaulted for purposes of federal habeas review.

Pennsylvania state courts apply a rule of waiver in multiple contexts. An issue not raised on direct appeal is waived and, *a fortiori*, a failure to file a direct appeal to the Superior Court at all, waives the issues that could have been raised in that appeal. See Commonwealth v. Agie, 296 A.2d 741, 741 (Pa. 1972)("We have consistently held that issues not raised in the court below are waived and cannot be raised for the first time on appeal to this Court.")(citations

5

omitted); Commonwealth v. Steffish, 365 A.2d 865 (Pa. Super. 1976); Commonwealth v. Mitchell, 445 A.2d 721, 723 (Pa. 1982)(issues not raised on direct appeal are waived).

The Court finds that Petitioner's failure to file a direct appeal constitutes a waiver, under state law, of all possible issues he could have raised other than potential claims of the ineffective assistance of plea counsel. See Pa. R.A.P. No. 2116(a) (issue must be presented in the Statement of Questions section of brief to the Superior court in order to be considered); Thomas v. Elash, 781 A.2d 170, 176-77 (Pa. Super. 2001)("Although Appellant may have preserved the issues raised in his post trial motions by mailing the motions within 10 days of the verdict, he has now waived those issues by failing to include them in his brief to this Court. . . . Having failed to properly raise and address the issues in his brief, Appellant has precluded our review of his substantive claims."). See also Commonwealth v. Fowler, 893 A.2d 758, 764 (Pa.Super. 2006) (claim of plea counsel's ineffectiveness is subject to the requirement of Commonwealth v. Grant, 813 A.2d 726 (2002) that claims of ineffectiveness of trial counsel must only be raised in the PCRA proceeding and not on direct appeal). Hence, because Petitioner waived all of his issues under state law by failing to file a direct appeal to the Superior Court, Petitioner has procedurally defaulted all of his claims (other than the claims that his plea counsel was ineffective) for purposes of federal habeas law.

We now turn to Petitioner's claims of ineffective assistance of plea counsel.

**B. Plea Counsel Was Not Ineffective**

While most of the grounds for relief that Petitioner relies on in his Petition are not explicitly cast as claims of the ineffective assistance of plea counsel, because Petitioner is proceeding pro se, we liberally construe those grounds as raising claims of ineffective assistance

of plea counsel herein, which is exactly how he raised the claims in the Pennsylvania Superior Court.[1]

We deem the issues that Petitioner raised in his appeal to the Pennsylvania Superior Court to be substantially equivalent to the grounds for relief that he raises in the present Petition. Because the Pennsylvania Superior Court addressed those grounds on the merits, we find that the deferential standards of the AEDPA apply. Moreover, we find that Petitioner has failed to carry his burden to show that the Pennsylvania Superior Court's disposition of his claims was contrary to or an unreasonable application of precedent from the United States Supreme Court.

---

[1] Petitioner raised the following issues in his appeal to the Pennsylvania Superior Court from the denial of PCRA relief:

> I. Did the [PCRA] Trial Court commit an error of law in ruling that the Defendant/Appellant received effective assistance of plea counsel for purposes of the 6th Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution when:
> > A. Plea Counsel permitted the Defendant to plead "Guilty" when, in fact, the Defendant/Appellant had maintained his innocence of the charges, and [Plea Counsel] failed to call this situation to the attention of the trial court.
> > **Answer: Yes.**
> > B. Plea Counsel failed to supply himself with sufficient information concerning the facts of the case or see that the case was properly investigated?
> > **Answer: Yes.**
> > C. Plea Counsel failed to interview various witnesses identified to him by the Defendant/Appellant?
> > **Answer: Yes.**
> > D. Plea Counsel failed to adequately communicate with the Defendant/Appellant?
> > **Answer: Yes.**
> > E. Plea Counsel failed to apprise himself of his client's mental conditions and learning disabilities.
> > **Answer: Yes.**

Petitioner's Superior Court Brief, ECF No. 4-15 at 8.

### 1. The Superior Court's decision was not "contrary to" or unreasonable.

On appeal, the Pennsylvania Superior Court affirmed the denial of PCRA relief, finding that Petitioner failed to carry his burden to show that plea counsel was ineffective. The Superior Court addressed the issue of alleged ineffectiveness of plea counsel. In reviewing Petitioner's ineffective assistance claims, the Superior Court applied the three pronged test for ineffective assistance of counsel, ECF No. 4-18 at 5 to 6, citing Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999)), which is utilized in Pennsylvania state courts and is derived from Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987).

The Pierce standard has been found to be materially identical to the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). Werts, 228 F.3d at 203. The United States Court of Appeals for the Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, i.e., the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Id. at 204. Because the state courts decided Petitioner's claims of ineffective assistance of counsel under the standards of Pierce and those standards are essentially the same as the Strickland standard, this Court is required to apply the deferential standard of 28 U.S.C. § 2254(d), which demands that a habeas petitioner demonstrate that the state court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law. Pursuant to the holding of Werts, Petitioner is barred from arguing that the decisions of the state courts, applying the Pierce standard, are contrary to the standard announced in Strickland. Petitioner could argue the

second sense of "contrary to," i.e., the state courts reached a different result from that of the United States Supreme Court on a set of materially indistinguishable facts.

However, Petitioner has not argued and does not point to any United States Supreme Court decision, in existence at the time that the state courts rendered their decisions in this case, that have a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the state courts herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Indeed, even assuming that Strickland had a set of facts that are materially indistinguishable from the facts of Petitioner's case, the outcome of Strickland and the outcome in Petitioner's appeal in the Superior Court were the same, i.e., the criminal defendant was denied relief in both cases. Accordingly, Petitioner has not shown that the Pennsylvania Superior Court's decision in this case was contrary to clearly established federal law as determined by the United States Supreme Court.

Therefore, it remains open for Petitioner to demonstrate that the decisions of the state courts were an unreasonable application of federal law.

However, Petitioner fails to demonstrate that the state courts' disposition of his claims was an unreasonable application of United States Supreme Court precedent. In Strickland, the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams, 529 U.S. at 390-91. In reviewing counsel's actions, the court presumes that counsel was effective. Strickland, 466 U.S. at 689. There is no

9

one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990)("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained."). In light of the foregoing, the United States Court of Appeals for the Third Circuit has explained, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d Cir. 1997)(quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Williams, 529 U.S. at 391.

Moreover, because the Superior Court addressed this claim of ineffectiveness on the merits, this Court must apply the deferential standards of the AEDPA, which results in a doubly deferential standard as explained by the United States Supreme Court:

> "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' *id.*, at 689 [104 S.Ct. 2052]; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles*, 556 U.S., at ——, 129 S.Ct., at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ——, 129 S.Ct., at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable.

The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."

Premo v. Moore, __ U.S. __, __, 131 S.Ct. 733, 740 (2011) (quoting Harrington v. Richter, 131 S.Ct. 770, 788 (2011)). Accord Grant v. Lockett, 709 F.3d 224, 232 (3d Cir. 2013) ("'A state court must be granted a deference and latitude that are not in operation when the case involves [direct] review under the *Strickland* standard itself.' *Id.* Federal habeas review of ineffective assistance of counsel claims is thus 'doubly deferential.' *Pinholster*, 131 S.Ct. at 1403. Federal habeas courts must 'take a highly deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'").

The Superior Court's disposition of Petitioner's ineffectiveness claim was essentially a conclusion that plea counsel had a reasonable basis for his actions in conducting himself as he had and Petitioner failed to carry his burden to show otherwise.

The Superior Court reasoned that:

> Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101 (Pa. Super. 2011), *appeal denied*, __ Pa. __, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513 (Pa.Super. 2007). "[A]s with any other credibility determinations, where the record supports the PCRA court's credibility determinations, those determinations are binding" on the appellate Court.
> . . . .
> In his issues combined, Appellant contends counsel was ineffective when he allowed Appellant to plead guilty to charges for which he now maintains his innocence. During the plea hearing, counsel should have informed the court that Appellant was not accepting full responsibility for the crimes and was asserting his innocence even during the oral colloquy. Appellant complains the court could not have confirmed a reliable guilty colloquy when counsel failed to bring such information to the court's attention.
> Additionally, Appellant argues counsel did not properly investigate the case. Appellant submits a proper investigation would have revealed all the facts needed to take the case to trial by the time of the plea negotiations, and counsel conceded he would have had to do more investigation if the case were to go to

11

trial. Counsel did not interview various witnesses that Appellant contends could discredit the Commonwealth's main witness, corroborate Appellant's story, or provide Appellant with an alibi. Similarly, Appellant insists counsel failed to inform himself of Appellant's mental challenges and learning disabilities, including ADHD and bipolar disorder. Appellant submits counsel should have investigated Appellant's mental state, and whether he was taking prescribed medications, to ensure that Appellant's plea would be knowing and voluntary.

Finally, Appellant argues counsel failed to communicate with Appellant to effectively represent him. Appellant contends that, outside of hearings, counsel spoke with Appellant about the case for only a total of one hour, and counsel should have communicated more with Appellant. This lack of communication caused Appellant to enter his plea without knowledge of how thoroughly counsel had investigated the case; consequently Appellant's plea was not knowing, intelligent, and voluntary. Appellant concludes counsel was ineffective in his representation, and Appellant is entitled to PCRA relief. We disagree.

. . . .

In response to Appellant's PCRA claims, the [PCRA] court found:

. . . .

>  THAT there is a presumption that counsel acted effectively, and
>
>  THAT the issue underlying the allegation of ineffectiveness has no arguable merit, and
>
>  THAT the course selected by counsel . . . did have some reasonable basis to effectuate the client's interests, and
>
>  THAT the record clearly reflects that [Appellant] understood that his attorney had negotiated the *nolle pros* of the charge of terroristic threats, under Title 18 § 2706(a)(1), and understood to which of the crimes he was pleading guilty, the elements, the factual basis for the charge, and the possible sentence. These crimes were fully explained by [plea counsel] to [Appellant] in both the written and oral colloquies. [Plea counsel] also fully advised [Appellant] of his rights to trial by jury, of his rights to examine witnesses, and to appeal, both in writing and by oral colloquy.
>
>  THAT this court confirmed those rights with [Appellant] at the end of the oral colloquy, and
>
>  THAT at no time did [Appellant] allege that he did not understand the charges, did not understand that he was pleading guilty, did not understand that he was giving up any rights, nor that he was innocent, and
>
>  THAT [Appellant] admitted he was satisfied with [plea counsel]'s services, that he had ample opportunity to consult with plea counsel before entering his plea of guilty, and that in the oral colloquy where he stated both to [plea counsel]'s questions and this [c]ourt's questions, that he was satisfied with [plea counsel]'s representation and had no questions for his attorney, and

12

> > THAT although [Appellant] now appears to not be happy with his guilty plea, his colloquy answers clearly show that he made the plea knowingly, intelligently, and voluntarily, and
> > … and
> > THAT plea counsel did not render ineffective assistance of counsel and
> > THAT [Appellant] was not denied his constitutionally guaranteed right to effective representation when he entered a plea of guilty.
>
> (PCRA Court Opinion, dated 6/20/11, at 9-11). . . . Further, the PCRA court concluded:
>
> > THAT counsel had a reasonable strategic basis for his action or inactions. [Appellant's] claims are of no arguable merit.
> > . . . .
>
> (PCRA Court Order, dated 6/20/11, at 1). The record supports the court's decision to deny the relief requested. Based upon the foregoing, we conclude Appellant's allegations of counsel's ineffectiveness in conjunction with Appellant's plea proceedings lack arguable merit.

Superior Court slip opin., ECF No. 4-18 at 3 to 12.

Essentially, the state courts found that Petitioner's plea counsel had a reasonable basis for his actions or inactions in effectuating his client's interests and, therefore, Petitioner failed to carry his burden to rebut the presumed effectiveness of his plea counsel. Furthermore, the state courts found that those issues, which Petitioner alleged his plea counsel should have raised, or those actions that his plea counsel should have taken, were not meritorious and, so, plea counsel did not need to raise those issues or take those actions. We take the state courts' determination to be based, at least in part, on crediting the testimony of Petitioner's plea counsel at the PCRA evidentiary hearing, where plea counsel testified as to the basis for his actions or inactions and, also, in part on discrediting Petitioner's testimony at that same hearing, finding that the Petitioner's statements made in the plea colloquy were more credible than Petitioner's assertions in his testimony during the PCRA hearing.

13

The state courts' determination that Petitioner failed to carry his burden to rebut the presumed effectiveness of his plea counsel because the issues Petitioner alleges his plea counsel should have pursued were not meritorious, is an eminently reasonable application of the Strickland standard to Petitioner's claims of ineffective assistance of plea counsel. Werts v. Vaughn, 228 F.3d at 202 ("counsel cannot be deemed ineffective for failing to raise a meritless claim").

Accordingly, Petitioner simply fails to establish that the state courts' disposition of his claims was an unreasonable application of Strickland and the United States Supreme Court's precedents regarding ineffective assistance of counsel claims.

### 2. Even under *de novo* review, Petitioner fails.

In the alternative, even if Petitioner could show that the state courts' reasoning was contrary to or an unreasonable application of United States Supreme Court precedent, such would not be sufficient to merit relief, Petitioner would still have to show that his plea counsel was actually ineffective, i.e., that his Sixth Amendment rights were violated.[2] Even if we were

---

[2] Saranchak v. Beard, 616 F.3d 292, 309 (3d Cir. 2010), wherein the United States Court of Appeals for the Third Circuit explained as follows:

> However, the *Strickland* standard differs from that applied by the Pennsylvania Supreme Court on the issue of prejudice in this case. That Court employed a subjective review of the evidence introduced at the PCRA hearing and analyzed the effect it would have had on the judge presiding, and acting as factfinder, at the degree of guilt hearing. *See Saranchak*, 866 A.2d at 300–01 (noting that "the court, nevertheless, would have returned" the same verdict, and highlighting the fact that the PCRA judge was also the judge at the degree of guilt hearing). It upheld the PCRA court's decision by considering the effect the new evidence would have had on that particular judge—Judge Dolbin—rather than considering, more abstractly, the effect the same evidence would have had on an unspecified, objective factfinder, as required by *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052 ("The assessment of prejudice.... should not depend on the idiosyncracies of the particular decisionmaker....").

(. . . footnote continued)

to review Petitioner's claims of ineffectiveness *de novo*, we would conclude that plea counsel's stewardship in permitting Petitioner to accept the plea offer of 3 to 10 years was reasonable. We further find that the record of the plea colloquy in combination with the record of the PCRA hearing, fails to rebut the presumed effectiveness of Petitioner's plea counsel. We do so in reliance on the fact that plea counsel knew that the Commonwealth's key witness was the victim of Petitioner's robbery and assault, who had identified Petitioner as the perpetrator, notwithstanding that the perpetrator had his face covered. Further, Petitioner was known to the victim prior to the attack.[3] In addition, Petitioner was facing significant jail time if convicted and he understood it was at least 15 to 30 years of imprisonment that he was facing. ECF No. 4-9 at 19, line 10. Petitioner had previously rejected a plea offer from the Commonwealth of 4 to 10 years and had opted to go to trial. ECF No. 4 at 4. The Commonwealth subsequently changed the offer to 3 to 10 years. Petitioner then accepted this offer. Id. In light of the significant time

---

       This fact does not mandate that Saranchak's petition be granted. That the state court evaluated the evidence in a manner other than as the Supreme Court requires does not ipso facto entitle Saranchak to a new trial. He "is not entitled to relief in the federal courts unless he can show that he was in fact denied effective assistance of counsel, not merely that the state courts" applied a different standard. *Gibbs v. VanNatta*, 329 F.3d 582, 584 (7th Cir. 2003). Saranchak must still establish that his lawyer's deficient performance prejudiced him and thereby violated the Sixth Amendment. See 28 U.S.C. § 2254(a). We conclude that even under a non-deferential, de novo review of the state court's determination, Saranchak has not carried that burden.

(footnote omitted).

[3] At the PCRA evidentiary hearing, Petitioner's plea counsel testified as follows:

      Mr. Grow knew the accuser from, because he was friends with her paramour and that was known and that was a factor that we looked at as to going into trial and the paramour, I don't know if he actually slept there, but he would come over and visit, a girlfriend or, so he had been in the house before and that was a potential problem for trial with the identification by of his accuser.

ECF No. 4-9 at 34, lines 3 to 8. See also id., at 24, lines 6 to 11.

that Petitioner had faced if he had been convicted, and in light of the likelihood of him being convicted, given that victim, who had previously known Petitioner, identified Petitioner as the perpetrator, (notwithstanding any of Petitioner's challenges to the reliability of the identification), we find that plea counsel's stewardship in permitting Petitioner to plead guilty and to accept the 3-10 year sentence to be reasonable.

Because Petitioner has failed to carry his burden to show entitlement to relief, the Petition is denied.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

Applying this standard to the instant case, the Court concludes that Petitioner has not made any such showing and further we conclude that jurists of reason would not find the denial of habeas relief debatable. Accordingly, a certificate of appealability is hereby denied.

## V. CONCLUSION

For the reasons set forth herein, Petitioner has not established that he is being held in violation of the Constitution, laws or treaties of the United States. Accordingly, the Petition is denied as is a certificate of appealability.

BY THE COURT:

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date:   February 19, 2014

cc:    Jason Paul Grow
       JM-8908
       SCI Greene

175 Progress Drive
Waynesburg, PA 15370

All Counsel of Record via CM-ECF